**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STATE AUTO PROPERTY &** | : | **No. 3:08cv618** |
| **CASUALTY INSURANCE COMPANY,** | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL P. FOLLWEILER, t/a** | : | |
| **PREMIERE RESIDENTIAL** | : | |
| **COMPANY,** | : | |
| **JOSEPH PUZZI, and** | : | |
| **KELLY PUZZI,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for review is plaintiff's complaint  (Doc. 1) seeking declaratory

judgment under 28 U.S.C. § 2201, *et seq*., the Declaratory Judgment Act.  Because

we decline to exercise jurisdiction, we will dismiss the case *sua sponte*.

**Background**

Plaintiff filed the instant action for declaratory judgment in this court on April 7,

2008 (Doc. 1).  That complaint arises out of an action filed on March 6, 2008 by

Defendants Joseph V. Puzzi and Kelly R. Puzzi against Defendant Michael

Follweiler in the Court of Common Pleas of Schuylkill County, Pennsylvania.

Follweiler is insured by the plaintiff in this action.  The complaint alleged that

Follweiler had breached a contract and an implied and express warranty with the

Puzzis in connection with a construction project.  The roof of the home he built for

the Puzzis allegedly leaked.  The Puzzis sought damages from Follweiler for this

seemingly shoddy construction.  The plaintiff in the instant declaratory judgment

action provided a commercial liability policy to Follweiler, and State Auto seeks a

declaration from this court that under the terms of the policy the plaintiff has no duty

to indemnify or defend in the state court suit.  Plaintiff includes as exhibits to its

complaint copies of the insurance policy and the state court lawsuit.

**Jurisdiction**

State Auto Property and Casualty Insurance Company is an Iowa Corporation

with its principal place of business in Columbus, Ohio and the defendants are

citizens of Pennsylvania.   The amount in controversy in this case exceeds $75,000.

This court therefore has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (establishing

that "[t]he district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between–(1)citizens of different States.").

**Discussion**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy

within its jurisdiction, . . . any court of the United States, upon the filing of an

appropriate pleading, *may* declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be

sought." 28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court

has declared that "[d]istrict courts possess discretion in determining whether and

when to entertain an action under the Declaratory Judgment Act, even when the suit

otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls

Co., 515 U.S. 277, 282 (1995).  The Third Circuit Court of Appeals has concluded

that a court's decision whether to exercise its discretion to hear an action under the

Declaratory Judgment Act "requires some inquiry into the scope of the state court

proceeding, the nature of defenses available there, and the claims of all parties in

interest can satisfactorily be adjudicated in that proceeding."  Sate Auto Ins. Co. v.

Summy, 234 F.3d 131, 133 (3d Cir. 2001).  Further, "[a] federal court should also

decline to exercise its discretionary jurisdiction when doing so would promote judicial

economy by avoiding duplicative and piecemeal litigation."  Id. at 135.  These

considerations are especially important because "district courts should give serious

consideration to the fact that they do not establish state law, but are limited to

predicting it."  Id.  A court may *sua sponte* exercise its discretion not to hear a case

under the Declaratory Judgment Act.  Id. at 136.

The question here is therefore whether we should exercise our discretion to

decline to hear a declaratory judgment action when a related matter is pending in

state court.[1]  The plaintiff in the instant action seeks to have this court declare that it

---

[1]We acknowledge that this proceeding is not "parallel" to a proceeding in state court, as was the case in Summy and Wilton.  We agree with the court in Nationwide Mutual Ins. Co. v. Yungwirth, No. Civ. A. 04-1681, 2005 WL 3070907, *2, (W.D. Pa. Nov. 15, 2005), which concluded that the presence of a parallel state court action was not a determinative factor in the decision not to exercise jurisdiction over a declaratory judgement action.  As in that case, where the court determined that declining jurisdiction was appropriate because of a "lack of any federal interest in this dispute," this case addresses a state-law issue that implicates no federal interest.  Id.

has no duty to defend or indemnify Defendant Follweiler in the underlying state court

suit.[2]  Any judgement we issue in this case would turn on contract interpretation

under state law, and would depend largely on applying well-settled principles of

Pennsylvania law to the factual occurrences that gave rise to the state-court suit.

Plaintiff does not ask us to resolve questions of federal statutory or constitutional law

which we might be peculiarly qualified to answer.  In short, plaintiff seeks to have this

court issue a judgment, based on state law, that will allow the insurance company to

avoid any potential obligations in the state suit.  A state court can as easily answer

these questions as we can, and there is no need to resort to a federal forum to do

so.  See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies

and their insureds to receive declarations in federal court on matters of purely state

law has no special call on the federal forum").  Adding our opinion to those of the

state court in this case would make the matter unnecessarily more complex.  We

could not rule on the issues in this case and promote the principle of judicial

efficiency.

Accordingly, we find that our interest in comity and respect for the judgments

of state courts compels us to use our discretion to decline to exercise jurisdiction in

this case.  See id. (holding that "[t]he state's interest in resolving its own law must

---

[2]We note that it would be premature for us to determine whether plaintiff has a duty
to indemnify.  No court has declared any financial obligation resulting from the state court
action, and there is therefore no case or controversy regarding whether plaintiff is required
to pay monies under the policy.

not be given short shrift simply because one party or, indeed, both parties, perceive

some advantage in the federal forum.  When the state law is firmly established, there

would seem to be even less reason for the parties to resort to the federal courts.").

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STATE AUTO PROPERTY &,** | : | **No. 3:08cv618** |
| **CASUALTY INSURANCE COMPANY,** | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL P. FOLLWEILER, t/a** | : | |
| **PREMIERE RESIDENTIAL COMPANY,** | : | |
| **JOSEPH V. PUZZI, and** | : | |
| **KELLY R. PUZZI,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW,** to wit, this 8th day of April 2008, the plaintiff's complaint (Doc. 1)

under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et cet.*, is hereby

**DISMISSED** *sua sponte*.  The Clerk of Court is directed to close the case.

                                 **BY THE COURT:**


                                 **s/ James M. Munley**
                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Court**